IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| HERSHELL HILLMAN, )<br>)<br>Plaintiff , )<br>)<br>v. )<br>)<br>POLICE CHIEF NICK SMITH, )<br>)<br>Defendant. ) | Case No. 7:12-cv-01151-JHH-PWG |

MEMORANDUM OF OPINION

The magistrate judge filed a report on August 8, 2012, recommending that this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 42 U.S.C. § 1983. The magistrate judge found that the plaintiff had failed to present factual allegations sufficient to state a claim of false arrest. He also found it likely that the plaintiff's false arrest claim is barred by the applicable statute of limitation.

The plaintiff submitted objections to the magistrate judge's report and recommendation on August 24, 2012. (Doc. #8). He argues against the magistrate judge's finding that his false arrest claim is barred by the statute of limitations by asserting that the basis of his claim stems from the ultimate dismissal of the charges by the state court on March 2, 2011. This argument fails on two fronts. To begin with, the fact that charges are eventually dropped, or that there is an acquittal, is of no consequence in determining the validity of the arrest itself. *Marx v. Gumbinner*, 905 F.2d 1503, 1507 (11th Cir. 1990). Additionally, the general

federal rule is that a statute of limitations begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Rozar v. Mullis,* 85 F.3d 556, 561-62 (11th Cir. 1996). In this instance, the plaintiff states in his objections that he has been fighting against the alleged illegal arrest since January 5, 2009, and it is therefore obvious that he has been aware of his claim since that date, which is more than two years prior to the April 18, 2012, filing date of the complaint in this action. *Id*. at 4. For that reason, the plaintiff's claim is barred by the two-year statute of limitations applicable to claims under § 1983.

The plaintiff's reliance on the holding in *Heck v. Humphrey*, 512 U.S. 477, is also misplaced. He argues that under *Heck* the statute of limitations was tolled until such time as the charges were dismissed by the state court. However, *Heck* does not generally bar claims for illegal search or arrest because such claims would not necessarily imply the invalidity of a subsequent conviction. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Because the plaintiff's claims were not tolled under *Heck*, his claim began to accrue no later than the January 5, 2009, date indicated above.

Even if the plaintiff had successfully overcome the statue of limitations hurdle, his objections do not adequately address the magistrate judge's finding that the complaint fails to contain sufficient factual allegations to overcome the defendant's qualified immunity. Other than to assert in conclusory fashion that the defendant "arranged the accusations" against him for "personal reasons," and to contend that "the alleged buyer of the drugs would

2

not participate any further with the defendant in the trumped up charge," the plaintiff presents no *specific* facts which show the defendant acted without actual or arguable probable cause at the time of the arrest.  In other words, he has failed to present a *plausible* claim for false arrest as required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and hereby is ADOPTED and the recommendation is ACCEPTED.  This action is therefore due to be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).  A Final Judgment will be entered.

**DONE** this the   25th   day of September, 2012.

_____
SENIOR UNITED STATES DISTRICT JUDGE